UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:12-cr-00017-JMS-DML-1 |
| LONNIE G. WRIGHT, SR., | ) ) |
| Defendant. | ) |

**AMENDED**
**ORDER**

Presently pending before the Court is Defendant Lonnie G. Wright, Sr.'s Motion to Suppress. [Dkt. 61.] In his motion, Mr. Wright seeks to suppress as evidence property seized from his residence in Muncie, Indiana on December 30, 2011 by officers of the Muncie Delaware County Drug Task Forces. He argues the search and seizure of his home violated his constitutional rights under the Fourth Amendment to the United States Constitution. Specifically, he asserts that, although the search was authorized by a warrant, the affidavit in support of the warrant did not establish "a fair probability that contraband or evidence of a crime would be found [at the residence]. Thus, there was no substantial basis for determining the existence of probable cause by the issuing magistrate." [*Id.* at 2.] The Government has responded, [dkt. 65], and Mr. Wright did not reply. The matter is now ripe for ruling. For the reasons explained below, the Court **DENIES** Mr. Wright's motion.

1

# I.
## BACKGROUND

On December 30, 2011, Detective Jeff Stanley of the Muncie Delaware County Drug Task Force and the Federal Bureau of Investigation Safe Streets Task Force, presented an Affidavit of Probable Cause in Support of a Search Warrant for Mr. Wright's residence located in Muncie, Indiana to The Honorable Linda Ralu Wolf, Delaware County Circuit Court Judge. On that same date, Judge Wolf determined that the affidavit established probable cause and, accordingly, approved the warrant.

Neither party has requested a hearing, and indeed Mr. Wright only challenges the sufficiency – not the veracity – of the facts in the affidavit supporting the issuance of the warrant. The affidavit, [dkt. 61-1], establishes the following:

The FBI Task Force began a drug trafficking investigation after receiving information from a confidential human source (CHS) that the defendant, Lonnie G. Wright, Sr., (Wright) was selling marijuana, cocaine, and prescription pills from Wright's residence located in Muncie, Indiana.

In December of 2011, Detective Stanley conducted surveillance and observed Wright coming and going from the residence on several occasions. Detective Stanley also researched Wright's criminal history and determined that Wright had three drug related arrests and one arrest for a parole violation.

On December 22, 2011, while conducting surveillance on Wright's residence, law enforcement observed an individual named Eugene Teal drive a car and park outside of the Wright's residence. Teal briefly met with an unknown individual, who after meeting with Teal, went directly inside Wright's residence and stayed for less than two minutes. The unknown individual returned to Teal's car and appeared to hand Teal an object. A short time later, a traffic

stop on Teal's vehicle was conducted. During the course of the traffic stop, Teal told Detective Stanley that he had just purchased 22 pain pills from someone named "Eddie" outside of Wright's residence. A search of Teal's car revealed a pill bottle containing 22 Hydrocodone pills.

Teal subsequently gave a taped statement to Detective Stanley in which Teal admitted to purchasing pills from "Eddie" two times within the past week. Teal said during each purchase he gave "Eddie" money and "Eddie" went inside Wright's residence. "Eddie" returned a short time later with pills.

On the day the warrant was obtained, December 30, 2011, law enforcement utilized an informant to make a controlled purchase of marijuana from Mr. Wright inside his residence. During the controlled purchase, law enforcement fitted the informant with a video recorder and observed the informant walk directly to Wright's residence and go inside. A short time later, the informant was seen leaving Wright's residence and walk directly back to law enforcement. The informant turned over a plastic bag containing suspected marijuana to law enforcement and said that he/she had obtained the marijuana from Lonnie Wright while inside Wright's residence. The substance provided by the informant was field tested and tested positive for marijuana.

Detective Stanley reviewed the video recording of the marijuana transaction between the informant and Wright that occurred inside Wright's residence. Detective Stanley saw Wright on the video weighing marijuana on a scale. Detective Stanley could also see a safe which appeared to contain more marijuana, pill bottles, and a large amount of money.

**II.**
**DISCUSSION**

The Fourth Amendment provides, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause*." U.S. CONST. amend. IV (emphasis added). It is well-established, however, that a violation of this right does not automatically result in the suppression of the evidence discovered as a result of the violation. *See Herring v. United States*, 555 U.S. 135, 140 (2009) ("We have repeatedly rejected the argument that exclusion is a necessary consequence of a Fourth Amendment violation."); *United States v. Leon*, 468 U.S. 897, 905-06 (1984) (rejecting the contention that "the exclusionary rule is a necessary corollary of the Fourth Amendment"). Although Mr. Wright focuses on whether probable cause existed to search his residence, [dkt. 62 at 2-3], the Government contends that there was probable cause and that, even if there was not, suppression is unwarranted because law enforcement relied in good-faith on the magistrate judge's determination that probable cause existed, precluding suppression of the resulting evidence, [dkt. 65 at 7]. The Court will address probable cause and the good-faith exception in turn.

**A.     Probable Cause Existed to Search Mr. Wright's Residence**

"Probable cause is a practical, nontechnical inquiry that asks whether there is a fair probability, given the totality of the circumstances, that evidence of a crime will be found in a particular place." *United States v. Orozco*, 576 F.3d 745, 748 (7th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "When, as here, an affidavit is the only evidence presented to a judge to support a search warrant, 'the validity of the warrant rests solely on the strength of the affidavit.'" *United States v. Mykytiuk*, 402 F.3d 773, 775 (7th Cir. 2005) (quoting *United States v. Peck*, 317 F.3d 754, 755-56 (7th Cir. 2003)). The Court must therefore determine whether

Det. Stanley's Affidavit "established probable cause to search [Mr. Wright's] home for narcotics . . . related evidence." *Orozco*, 576 F.3d at 748. "A search warrant affidavit establishes probable cause when, based on the totality of the circumstances, it sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *Mykytiuk*, 402 F.3d at 776 (citation and quotation marks omitted). "On the mixed question whether the facts add up to probable cause," the Court must give "great deference to the conclusion of the judge who initially issued the warrant." *United States v. Curry*, 538 F.3d 718, 729 (7th Cir. 2008) (citation and quotation marks omitted). Indeed, the Court must "defer to [the issuing judge's] initial determination if there is 'substantial evidence in the record' that supports h[er] decision." *Id.* (quoting *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002)).

Mr. Wright focuses his challenge on the December 22nd stop of Mr. Teal, and the time that passed between that date and the date of the affidavit, December 30, 2011:

> The affidavit states that on December 22, 2011 police stopped a person named Eugene Teal in an automobile that had been "parked near 1909 W. 8th St., Muncie, IN." This fact is not probative of the existence of contraband at that address, particularly on December 30, 2011. There is no evidence offered to support the credibility of Mr. Teal. The "controlled buy" only suggests a single purchase of twenty dollars of marijuana and does not support the proposition that additional contraband still existed at the residence.

[Dkt. 62 at 2-3.] His argument fails, however, because it completely ignores the controlled buy of December 30, 2011, as well as the video evidence of that transaction which also depicts other evidence of criminal activity. [Dkt. 2-1 at 2.] That evidence convincingly supports the proposition that "additional contraband still existed at the residence."

In sum, the Court finds that Det. Stanley's affidavit does in fact contain the requisite substantial evidence. Law enforcement received a tip that Mr. Wright was dealing drugs from his home and began surveillance. They observed comings and goings from the residence that were consistent with drug transactions. They obtained a statement from Mr. Teal who stated that

5

in the week prior to December 22, 2011, he had purchased drugs outside the residence from an individual named "Eddie" who delivered drugs to him immediately after Eddie exited the residence. Law enforcement then arranged a controlled purchase of marijuana by an informant, from Mr. Wright, inside the residence. They filmed the marijuana delivery and observed the presence of more marijuana, pill bottles, and a large amount of U.S. currency. All of this evidence was presented to Judge Wolf, and was more than adequate to support a finding of probable cause.

### B. The Good-Faith Exception to the Exclusionary Rule is Applicable

Although the Court could rest its denial of Mr. Wright's Motion to Suppress on the existence of probable cause alone, the good-faith exception to the exclusionary rule provides an independent basis to reach the same result. The good-faith exception provides that evidence obtained as a result of a Fourth Amendment violation should not be suppressed if law enforcement had a "reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment." *United States v. Leon*, 468 U.S. 897, 909 (1984) (citations and quotation marks omitted). Exclusion of such evidence is unwarranted because the exclusionary "rule's sole purpose . . . is to deter future Fourth Amendment violations." *Davis v. United States*, 131 S. Ct. 2419, 2426 (2011); *see United States v. Brown*, 744 F.3d 474, 476 (7th Cir. 2014) ("The exclusionary rule is designed to deter violations of the fourth amendment."). Therefore, "[w]here the official action was pursued in complete good faith . . . the deterrence rationale loses much of its force." *Leon*, 468 U.S. at 919. Indeed, "[i]n light of the substantial societal costs of the rule, and recognizing that the primary, if not sole, justification for the exclusionary rule is the deterrence of police misconduct, the Supreme Court held in *Leon* that suppression of evidence is not an appropriate remedy when the officers who obtained the evidence did so in good faith

reliance upon a facially valid warrant issued by a magistrate or judge." *United States v. Mitten*, 592 F.3d 767, 770 (7th Cir. 2010).

"In deciding whether an officer was acting in good faith, the fact that the officer sought to obtain a warrant is prima facie evidence that he was acting in good faith." *Id.* at 771 (citing *United States v. Bell*, 585 F.3d 1045, 1052 (7th Cir. 2009)). "The presumption of good faith that thereby arises, however, can be rebutted if the defendant shows that '(1) the judge issuing the warrant abandoned his detached and neutral role; (2) the officer was dishonest or reckless in preparing the affidavit; or (3) the warrant was so lacking in probable cause that the officer's belief in its existence was entirely unreasonable.'" *Id.* (quoting *United States v. Garcia*, 528 F.3d 481, 487 (7th Cir. 2008)).

Here, the fact that Detective Stanley sought a search warrant for Mr. Wright's residence is *prima facie* evidence that he was acting in good faith. *See id.* at 770; *Bell*, 585 F.3d at 1052. The Government maintains that none of the three methods by which this evidence can be rebutted is present. [Dkt. 119 at 11-12.] Mr. Wright did not argue otherwise in his opening brief, and declined to file a reply brief specifically responding to the Government's position. This is perhaps because the record appears devoid of evidence that would allow Mr. Wright to rebut the presumption. There is certainly no evidence of the former two methods, and as to the third, the Court's discussion in Section II.A above demonstrates that probable cause existed. Even if the Court is wrong as to the existence of probable cause, the Court's analysis at the very least demonstrates that the Stanley Affidavit is not "so lacking in probable cause that the officer's belief in its existence was entirely unreasonable." *Mitten*, 592 F.3d at 771. Indeed, "in the ordinary case, a law enforcement officer cannot be expected to question the magistrate's probable cause determination." *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008)

(citation and quotation marks omitted). There is nothing out of the ordinary in this case that would lead Detective Stanley to question the Judge's determination, especially given that he observed the video showing Mr. Wright actually deliver marijuana and also showing the presence of additional suspected contraband in Mr. Wright's residence.

Accordingly, as alternative basis, the Court concludes that the good-faith exception to the exclusionary rule applies. For this additional reason, the Court must deny Mr. Wright's Motion to Suppress.

### III.
### CONCLUSION

For the reasons explained, the Court **DENIES** Mr. Wright's Motion to Suppress. [Dkt. 61.]

04/25/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jack Crawford
CRAWFORD & DEVANE
crawdevlaw@indy.rr.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov